# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT BOWIE, | CASE NO. 1:10-cv-01033-SKO PC |
| Plaintiff, | ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983 AND COUNTING DISMISSAL AS A STRIKE UNDER 28 U.S.C. § 1915(G) |
| v. | |
| DR. M. VU, | |
| Defendant. | (Doc. 14) |

**Screening Order**

**I.      Screening Requirement and Standard**

Plaintiff Robert Bowie, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on June 1, 2010.  On May 19, 2011, the Court dismissed Plaintiff's complaint, with leave to amend, for failure to state a claim.  Plaintiff filed an amended complaint on June 13, 2011.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

1    A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," <u>Ashcroft v. Iqbal</u>, ___ U.S. ___, ___, 129 S.Ct. 1937, 1949 (2009) (citing <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," <u>Doe I v. Wal-Mart Stores, Inc.</u>, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. <u>Iqbal</u>, 129 S.Ct. at 1949.

To state a claim, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. <u>Id.</u> at 1949. This requires the presentation of factual allegations sufficient to state a plausible claim for relief. <u>Iqbal</u>, 129 S.Ct. at 1949-50; <u>Moss v. U.S. Secret Service</u>, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. <u>Iqbal</u>, 129 S.Ct. at 1949-50; <u>Moss</u>, 572 F.3d at 969.

## II.    **Plaintiff's Eighth Amendment Medical Care Claim**

Plaintiff brings this action against Defendant M. Vu, a physician at the California Correctional Institution in Tehachapi. Plaintiff alleges only that Defendant Vu was unprofessional and committed malpractice in treating the gunshot wound to Plaintiff's right foot.

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." <u>Rhodes v. Chapman</u>, 452 U.S. 337, 347, 101 S.Ct. 2392 (1981). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" <u>Toguchi v. Chung</u>, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting <u>Hallett v. Morgan</u>, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." <u>Farmer v. Brennan</u>, 511 U.S. 825, 834, 114 S.Ct. 1970 (1994).

///

Plaintiff's conclusory allegation is insufficient to state a claim under section 1983.  Lack of professionalism and malpractice do not rise to the level of an Eighth Amendment violation, Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285 (1977); Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987), and Plaintiff's amended complaint is devoid of any facts suggesting that Defendant Vu knowingly disregarded a substantial risk of harm to Plaintiff's health, Farmer, 511 U.S. at 837.  Accordingly, Plaintiff fails to state a cognizable claim against Defendant Vu.  Plaintiff's previous complaint suffered from the same deficiencies and therefore, further leave to amend will not be granted.

### III.     Conclusion and Order

Plaintiff's amended complaint fails to state a claim upon which relief may be granted under section 1983.  Plaintiff was previously provided with notice of the deficiencies in his claim and an opportunity to amend, but he was unable to cure the deficiencies and further leave to amend is not warranted.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. This action is dismissed, with prejudice, for failure to state a claim under section 1983; and
2. The dismissal shall count as a strike under 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

**Dated:   June 21, 2011**                        /s/ Sheila K. Oberto
                                             UNITED STATES MAGISTRATE JUDGE